UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALICIA ORTIZ, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO.  10-cv-917 |
| A.N.P., INC. d/b/a LEE'S ONE HOUR § | |
| CLEANERS, and LEE'S ONE HOUR § | |
| CLEANERS, ANP ENTERPRISES, INC., § | |
| NIZAR, INC., and PALM PORTFOLIO § | |
| MANAGEMENT, INC., § | |
| § | |
| Defendants, § | |
| § | |
| v. § | |
| § | |
| THE UNION CENTRAL LIFE § | |
| INSURANCE COMPANY, § | |
| § | |
| Third-Party Defendant. § | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Sever and Motion to Remand [Doc. No. 7]. After considering the parties' filings and the applicable law, the Court finds that the Motion to Sever and Motion to Remand should be granted**.**

**I.     FACTUAL BACKGROUND**

This case arises out of a workplace injury allegedly sustained by Plaintiff Alicia Ortiz ("Ortiz") while working for her employer A.N.P., Inc. ("A.N.P."). Ms. Ortiz alleges that, while working at A.N.P.'s dry cleaning and laundry business, she suffered extensive injuries due to a malfunctioning dry cleaning machine. Ms. Ortiz brought suit in the 157th Judicial District Court of Harris County, Texas against Defendants A.N.P., Inc., Lee's One Hour Cleaners, Nizar, Inc., and Palm Portfolio Management, Inc. (collectively, the

"Defendants"), all of whom allegedly controlled the business where she worked. She asserts common law claims of negligence and defective premises. Ms. Ortiz seeks damages for medical expenses, physical pain, mental anguish, loss of earnings, and physical impairment and disfigurement.

Defendant A.N.P., Inc. and Defendant Lee's One Hour Cleaners subsequently filed a third-party petition (the "Third-Party Petition") against the Union Central Life Insurance Company ("Union Central"). In the Third-Party Petition, A.N.P. alleges that it held a group insurance policy (the "Policy") with Union Central for occupational accident insurance providing for payment or reimbursement of lost wages, medical expenses and other personal injury damages to A.N.P.'s employees. A.N.P. seeks Union Central's contractual contribution to and/or indemnity for any damages that may be awarded against A.N.P. as a result of Ms. Ortiz's lawsuit. A.N.P. claims that the Policy insured against the very claims that are being brought by Ms. Ortiz.

On March 19, 2010, Third-Party Defendant Union Central filed a notice of removal with this Court (Doc. No. 1). In its Notice of Removal, Union Central states that A.N.P.'s claims in the Third-Party Petition involve benefits that are allegedly due under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101-1461. Therefore, Union Central argues, A.N.P.'s claims against it are preempted by ERISA as a matter of law, because 29 U.S.C. § 1132 provides the exclusive remedy for actions by a fiduciary (such as A.N.P.) to enforce the terms of an ERISA-regulated plan. Union Central argues that A.N.P.'s consent to removal is unnecessary because A.N.P.'s claims against Union Central are separate and independent from Ms. Ortiz's claims against the Defendants.

On April 18, 2010, Ms. Ortiz filed a Motion to Sever and a Motion to Remand (Doc. No. 7). Ms. Ortiz seeks to have her negligence claims against A.N.P. severed from A.N.P.'s ERISA claims against Union Central and thereafter remanded to state court. She argues that her lawsuit against A.N.P. asserts different causes of action concerning dissimilar facts and circumstances and implicates different questions of law than A.N.P.'s suit against Union Central. A.N.P. responds by arguing that Union Central's joinder in the case is necessary pursuant to Fed. R. Civ. P. 19(a)(1) and 20(a)(2). Union Central does not oppose Ms. Ortiz's Motions to Sever and Remand.

## II.  LEGAL STANDARDS AND ANALYSIS

The parties dispute whether Ms. Ortiz's state law negligence claims should remain in this Court. First, the Court examines whether it may remand Ms. Ortiz's negligence claim to state court. Next, the Court examines whether joinder of Union Central is necessary to adjudicate Ms. Ortiz's claims against A.N.P.

### A.  Motion for Remand

#### 1. Legal Standard

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor

3

of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Section 1441(c) of the removal statute allows the district court to exercise its jurisdiction "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c) (2005). Further, section 1441(c) vests the court with discretion to "remand all matters in which State law predominates." Therefore, in order for a remand order under 28 U.S.C. § 1441(c) to be proper, the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996).

One claim is not separate and independent from another when "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." *American Fire & Casualty Ins. Co. v. Finn*, 341 U.S. 6, 14 (1951). The test for separateness is "the separateness of the wrong to the plaintiff," *Eastus*, 97 F.3d at 105, and the test for independence is whether the claims "involve substantially the same facts and transactions." *Id.* at 105. In making this determination, the Court looks to the plaintiffs' complaint, which controls. *See American Fire & Casualty Ins. Co.*, 341 U.S. at 14. A claim against one defendant is separate and independent if it is "a claim for which only the [removing defendant] itself may be held liable." *Henry v. Independent American Savings Ass'n*, 857 F.2d 995, 999 (5th Cir. 1998). Finally, the Fifth Circuit has held, where the third-party complaint seeks indemnity based on a separate obligation owed to

4

the defendant (such as a contractual indemnity obligation), there is a separate and independent claim. *See Carl Heck Engineers, Inc. v. Lafourche Parish Policy Jury*, 622 F.2d 133, 136 (5th Cir. 1980);[1] *see also Texas by & Through Board of Regents of the Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998); *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061 (5th Cir. 1992); *Lazo v. Inland Sales Co.*, 925 F. Supp. 463 (N.D. Tex. 1995) (holding that a defendant's third-party claims for indemnity and contribution under an ERISA plan were separate and independent from the plaintiff's tort claims). In addition, the Fifth Circuit has held that state law does not have to predominate among all the claims removed, but only within the individual claim that is remanded. *See Eastus*, 97 F.3d at 107.

### 2. Analysis

Union Central's removal of the Third-Party Petition and the Plaintiff's original complaint is proper under 28 U.S.C. §§ 1441(a), (b). The Third-Party Petition alleged a cause of action arising under ERISA and one over which the district court exercises original jurisdiction. *See* 29 U.S.C. § 1132(e)(1).

The Court has discretion to remand the Plaintiff's negligence claims pursuant to 28 U.S.C. § 1441(c). First, the Plaintiff's negligence claims against A.N.P. are "separate and independent" from A.N.P.'s ERISA claim against Union Central. The wrong to the plaintiff—her alleged workplace injury and A.N.P.'s alleged negligence—does not include the claim for contractual indemnity asserted by A.N.P. against Union Central.

---

[1] The Fifth Circuit decided *Carl Heck* prior to the Judicial Improvement Act of 1990, which amended 28 U.S.C. § 1441(c). Section 1441(c)'s current language now requires the removable claim or cause of action to be "within the jurisdiction conferred by section 1331 of this title." 28 U.S.C. 1441(c). The Third-Party Petition asserts a cause of action arising under ERISA and therefore falls within the Court's original jurisdiction under 28 U.S.C. § 1331. The essential holding of *Carl Heck* has not been modified, as a third-party defendant may still remove a case to federal court. *See Nat'l American Ins. Co. v. Advantage Contract Svcs.*, 200 F. Supp. 2d 620, 621-22 (E.D. La. 2002) (discussing amendment to 28 U.S.C. 1441(c) and subsequent effect on the holding of *Carl Heck*).

Ms. Ortiz's negligence claim involves substantially different facts from A.N.P.'s claim against Union Central. The former requires investigation into workplace conditions, maintenance, and Ms. Ortiz's injury, while the latter rests upon the scope of insurance coverage contained in the Policy documents. Moreover, the claims are separate and independent because Union Central is the only defendant who may be held liable for a contractual indemnity claim, and A.N.P. is the only defendant that may be held liable for a claim of negligently maintaining the workplace. Finally, in accordance with *Carl Heck*, A.N.P.'s claim for indemnity is a separate obligation owed by Union Central to A.N.P. and separate from the obligation owed by A.N.P. to the Plaintiff.

Remand is also proper because the claim to be remanded has been joined with a federal claim and would be non-removable on its own. The Plaintiff's negligence claim was joined with A.N.P.'s ERISA claim against Union Central. The latter claim arises under federal law and constitutes a federal question. Moreover, the Plaintiff's negligence claim would be non-removable but for the existence of A.N.P.'s claim against Union Central. Ms. Ortiz and all Defendants are Texas residents.

Finally, the Court must review whether state law predominates within the claims to be remanded. Ms. Ortiz's alleges that A.N.P.'s actions in maintaining and operating her workplace constitute negligence. In resolving these claims, whether in state or federal court, Texas tort law will be applied. *See, e.g.*, *McClure v. Denham*, 162 S.W.3d 346 (Tex.Civ.App.-Forth Worth 2005, no writ). Therefore, state law predominates within the claims to be remanded.

The Court is mindful that it has an obligation to strictly construe the removal statute in favor of remand. Therefore, the Court exercises its discretion pursuant to 28

U.S.C. § 1441(c) and severs and remands the Plaintiff's claims against A.N.P. The Court need not address the Plaintiff's argument that remand is appropriate under 28 U.S.C. § 1367.

### B. Motion to Sever and Joinder of Union Central

Ms. Ortiz seeks severance of her negligence case against A.N.P. from A.N.P.'s case against Union Central pursuant to Fed. R. Civ. P. 21. In opposition, A.N.P. argues that Union Central is a required party pursuant to Fed. R. Civ. P. 19(a)(i) because, without Union Central, complete relief cannot be accorded among the existing parties. Alternatively, A.N.P. argues that Union Central is a properly joined party under Fed. R. Civ. P. 20(a)(2) because Ms. Ortiz's claims against A.N.P. (and A.N.P.'s claims against Union Central) all arise out of Ms. Ortiz's workplace injury. Union Central does not believe it should be joined under either Rule 19 or Rule 20. The Court considers A.N.P.'s arguments for mandatory and permissive joinder in turn.

#### 1. Mandatory Joinder

Rule 19 outlines the circumstances requiring mandatory joinder of a party to a civil action. Rule 19(a)(1) states that joinder of a party is necessary when the court cannot accord complete relief among existing parties if the party were to remain absent. Courts must decide whether joinder is necessary based on the "general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting absent persons from the possible prejudicial effect of deciding the case without them." 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 3d, § 1604 (2001).

The definition of "complete relief" under Rule 19(a)(1) refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought. *See United States v. Bois d' Arc Operating Co.*, 1998 U.S. Dist. LEXIS 14910 (E.D. La. Sept. 15, 1998). Indeed, the "complete relief" provision does not concern "any subsequent relief via contribution or indemnification for which the absent party might later be responsible." *See Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984). The Fifth Circuit has held that Rule 19 does not require the joinder of persons against whom a defendant may have a claim for contribution. *See Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). Several district courts have followed the Fifth Circuit and held that individuals who may be liable for contribution to or indemnification of a defendant are not indispensable parties to a suit. *See, e.g.*, *Mitchell v. Mitchell*, Case No. 05-cv-2128, 2006 U.S. Dist. LEXIS 28415 (S.D. Tex. Apr. 28, 2006); *Voiron Constr. Co. v. Metric Constructors, Inc.*, Case No. 99-cv-721, 1999 U.S. Dist. LEXIS 6974 (E.D. La. May 4, 1999); *Bois d' Arc Operating Co.*, 1998 U.S. Dist. LEXIS 14910 at *5.

Ms. Ortiz's negligence claim against A.N.P. does not require the joinder of Union Central as a party. Ms. Ortiz's claim for damages arises out of the alleged negligence of A.N.P. in operating and maintaining Ms. Ortiz's workplace. If A.N.P. were found liable for negligence, Ms. Ortiz would be able to obtain complete relief—i.e., an award for damages—without regard to whether A.N.P. was indemnified by Union Central.

Further, Union Central would not be prejudiced if Ms. Ortiz's case against A.N.P. proceeded without it. Union Central's liability to A.N.P. for contribution and/or indemnification rests on the scope and coverage extended by the insurance Policy. This

issue is outside the scope of issues to be decided in Ms. Ortiz's lawsuit against A.N.P. Ms. Ortiz has not made any allegations in her negligence claim that require interpretation of the Policy or of Union Central's obligations under the Policy. The Court also notes that Union Central does not believe that Ms. Ortiz's claims need to be addressed in the same action as A.N.P.'s claims against Union Central.

Therefore, Union Central is not required to be joined to Ms. Ortiz's negligence claim against A.N.P.

### 2. Permissive Joinder

Rule 20 outlines the circumstances in which parties may be joined as either plaintiffs or defendants to a civil action. Rule 20(a)(2) allows for persons to be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Although district courts should liberally construe permissive joinder of claims and parties in the interest of judicial economy, the court retains the discretion to refuse to join to avoid delay or prejudice even when the permissive joined requirements are met. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *Applewhite*, 67 F.3d 574 (6th Cir. 1995); *Klein Indep. Sch. Dist. v. Per Hovem*, 2010 U.S. Dist. LEXIS 26758 (S.D. Tex. Mar. 22, 2010). Courts generally apply a "case by case" approach when determining whether a particular factual situation constitutes a "single transaction or occurrence for purposes of Rule 20(a)." *Lott v.*

*Eastman Kodak Co.*, Case No. 97-cv-2560-P, 1999 U.S. Dist. LEXIS 5833, at *3 (N.D. Tex. Apr. 16, 1999).

Union Central does not meet Rule 20(a)(2)'s standard for permissive joinder. First, Rule 20(a)(2) states that persons may be joined as defendants if a right to relief is asserted against them "jointly, severally, or in the alternative." Ms. Ortiz has not asserted any right to relief against Union Central. Rather, it is A.N.P. that has asserted a right to relief against Union Central, and requests that Union Central be joined based on its potential for liability to A.N.P.

Second, Ms. Ortiz's and A.N.P.'s respective claims do not arise out of the "same transaction or occurrence." The occurrence at issue in Ms. Ortiz's claim is the workplace accident and her employer's actions and policies leading to the accident. The transaction at issue between A.N.P. and Union Central is wholly different—an insurance policy negotiated between the two parties and A.N.P.'s potential indemnification under that policy. Ms. Ortiz has not made any allegations in her complaint that would tie together her negligence claim with any claim under the Policy. In addition, A.N.P. has not demonstrated any connection between Ms. Ortiz's negligence claim and the Policy. *See, e.g.*, *Acevedo v. Heredia*, Case No. SA-04-CA-452-XR, 2004 U.S. Dist. LEXIS 10769 (W.D. Tex. June 9, 2004) (remanding the plaintiff's negligence claim against a defendant employer to state court because it did not relate to the defendant's ERISA-governed occupational injury insurance policy); *Pichardo v. Flowers Baking Co.*, SA-04-CA-288-XR, 2004 U.S. Dist. LEXIS 10775 (W.D. Tex. Apr. 29, 2004).

Third, there are no questions of law common to both Ms. Ortiz's negligence claims against A.N.P. and A.N.P.'s claims for indemnification and/or contribution against

Union Central. Ms. Ortiz's claims are founded on allegations of negligence and violations of labor law, while A.N.P.'s claims are based on contractual indemnity. Ms. Ortiz's claims will decided under applicable Texas tort law. A.N.P.'s claims, on the other hand, will be decided using the body of ERISA law developed in the federal courts.

Although A.N.P. argues that common issues of law exist regarding the respective liability of A.N.P. and Union Central for Ms. Ortiz's potential damages, this appears to be a reference to the potential indemnification and/or contribution by Union Central. A.N.P. further argues that questions of law exist regarding the Plaintiff's entitlement to Policy benefits, the amount of those benefits, and Union Central's liability for unpaid benefits.[2] Yet any questions of law regarding Ms. Ortiz's entitlement to Policy benefits would arise under ERISA and would not require an application of Texas tort law.

Fourth, there are no questions of fact common to both sets of claims. Ms. Ortiz's negligence claim will examine the conditions of the dry cleaning business, the machine at issue, the policies and actions of her employers at the worksite, and her injury. A.N.P.'s claim for indemnification and/or contribution requires a different inquiry into the scope of the Policy, the terms of the Policy documents, and perhaps negotiations between employees of the respective companies. A.N.P. argues that common questions of fact exist as to Union Central's response to any claims for medical benefits and whether provision of these benefits could have mitigated Ms. Ortiz's injuries. However, these fact questions are relevant only to Ms. Ortiz's negligence claim and not to contractual indemnity claim.

---

[2] A.N.P. does not argue that Ms. Ortiz's negligence claim is preempted by ERISA as a result of A.N.P.'s claim against Union Central.

Therefore, the Court declines to find that permissive joinder of Union Central to Ms. Ortiz's negligence claim is warranted.

### 3. Severance of Cases

Rule 21 provides that, where a party has been misjoined, a court may sever the claim against that party and proceed with it separately. Rule 21 states that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." A party is misjoined when either of the preconditions for permissive joinder set forth in Rule 20(a)(2) are absent. *See Mannatech, Inc. v. Country Life, LLC*, 2010 U.S. Dist. LEXIS 75353 (N.D. Tex. July 26, 2010); *American Fid. Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164 (D. V.I. 1975).

The Court does not believe that joinder of Union Central is appropriate under either Rule 19 or Rule 20. The Court, using the discretion provided in 28 U.S.C. § 1441(c), severs the Plaintiff's negligence claims against A.N.P.

## III. CONCLUSION

The Court exercises its discretion pursuant to 28 U.S.C. § 1441(c) and remands the Plaintiff's claims against A.N.P. Plaintiff's Motion to Sever and Motion to Remand (Doc. No. 7) is **GRANTED**. Plaintiff's claims against A.N.P. are hereby **REMANDED** to the 157th Judicial District of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of September, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE