UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALICIA ORTIZ, § § § Plaintiff, § v. § § A.N.P., INC. d/b/a LEE'S ONE HOUR § CLEANERS, and LEE'S ONE HOUR § CLEANERS, ANP ENTERPRISES, INC., § NIZAR, INC., and PALM PORTFOLIO § MANAGEMENT, INC., § § Defendants, § § v. § § THE UNION CENTRAL LIFE § INSURANCE COMPANY, § § Third-Party Defendant. § | CIVIL ACTION NO. 10-cv-917 |

## MEMORANDUM AND ORDER

Before the Court is Third-Party Defendant's Motion for Summary Judgment (Doc. No. 18). After considering the parties' filings and the applicable law, the Court finds that the Motion for Summary Judgment should be granted in part and denied in part.

## I.  FACTUAL BACKGROUND

This case arises out of a workplace injury sustained by Plaintiff Alicia Ortiz ("Ortiz") while working for her employer A.N.P., Inc. ("A.N.P."). The following are undisputed facts proffered by Union Central.

Union Central issued a group insurance policy (the "Policy"), in which A.N.P. was a participating employer, providing occupational accident insurance to A.N.P.'s employees. (Burke Decl. Ex. A.) The Policy provided that it was governed, to the extent applicable, by the

1

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101-1461, and its amendments. (*Id.* at 9.) Under the Policy, an eligible employee who suffered a covered accident could apply for and receive reimbursement of medical expenses, benefits for accidental death or dismemberment, and weekly benefit payments based on the level of disability. (*Id.* at 12-20.)

In its application to Union Central's predecessor, Combined Insurance Company of America, for the Policy, A.N.P. signed an addendum acknowledging that it fully understood the following items:

1. This is not Worker's Compensation Insurance, nor is it a replacement for Workers' Compensation Insurance. Combined Insurance Company of America does not sell, nor is it authorized to sell, Workers' Compensation Insurance.
2. This coverage is an employee benefit and does not insure any casualty or general liability risk.
3. This coverage nor the Combined Insurance Company of America does not indemnify or protect the Employer from any losses or damages from employees on account of accidental injury or death of an employee.
4. This coverage is not intended to, nor will it provide the Policyholder with any protection or defense against any suit which may be brought by anyone for any reason.
5. The Combined Insurance Company of America, nor its agent has not represented the coverage as anything other than an employee benefit which offers no indemnity for Policyholder liability.
6. THIS IS NOT A POLICY OF WORKERS' COMPENSATION INSURANCE. WE DO NOT BECOME A SUBSCRIBER TO THE WORKERS' COMPENSATION SYSTEM BY PURCHASING THIS COVERAGE, AND IF WE ARE A NON-SUBSCRIBER, WE LOSE CERTAIN COMMON LAW DEFENSES TO SUIT AS WELL AS CERTAIN LIMITATIONS ON LIABILITY THAT WOULD OTHERWISE BE AVAILABLE UNDER THE WORKERS' COMPENSATION LAWS. WE MUST COMPLY WITH THE WORKERS' COMPENSATION LAW AS IT PERTAINS TO NON-SUBSCRIBERS AND THE REQUIRED NOTIFICATIONS THAT MUST BE FILED AND POSTED.

(Burke Decl. Ex. B at 5.)

By virtue of Ortiz's employment with A.N.P., she was covered by the Policy. In April 2009, Ortiz suffered first and second degree burns on her right arm while working at A.N.P.'s

dry cleaning operation. (Burke Decl. Ex. C at 15, 53.) She filed a claim with Union Central for benefits under the Policy. (*Id.*) Over the course of several months, Union Central paid approximately $2,037.50 to or for the benefit of Ortiz for the injuries she sustained in the accident. (Burke Decl. Ex. D.) Union Central stopped weekly benefit payments to Ortiz after she visited an independent physician, Ronald Buczek. Dr. Buczek concluded that Ortiz could return to work with restrictions on the use of her left arm. (Burke Decl. Ex. C at 53.) Union Central's third-party administrator, Verity National Group Group, Inc., sent Ortiz a letter advising her that, as a result of Buczek's determination, it was ceasing payment of future weekly disability benefits. (*Id.* at 57.) The letter advised Ortiz that she could appeal the decision to cease benefits. (*Id.*) Neither Ortiz nor her counsel ever appealed this decision.

Ortiz subsequently filed suit against A.N.P., Lee's One Hour Cleaners, Nizar, Inc., and Palm Portfolio Management, Inc. (collectively, "Defendants"), all of whom allegedly controlled the business where she worked. She asserted common law claims of negligence and defective premises and sought damages for medical expenses, physical pain, mental anguish, loss of earnings, and physical impairment and disfigurement. Defendant A.N.P. and Defendant Lee's One Hour Cleaners (collectively, "A.N.P.") filed a third-party petition (the "Third-Party Petition") against Union Central. The Third-Party Petition's cause of action is "contractual contribution/indemnity for any amounts that may be recoverable or payable from the occupational accident insurance policy for the lost wages, medical expenses and other personal injury damages the subject of [Ortiz's] claims against A.N.P., which are being asserted against A.N.P., and which claims are in whole or in part insured against in the above referenced Policy." (Doc. No. 1-1 at 16.) Union Central removed the case to this Court and counterclaimed for a declaratory judgment that: (a) the Policy is governed by ERISA; (b) all of A.N.P.'s claims are

preempted by ERISA; (c) the Policy does not insure against casualty or general liability risks, does not require indemnification or protection from loss or damages, and does not provide for defense against Ortiz's claims; (d) Union Central has complied with all of its obligations to A.N.P. and Ortiz; and (e) Union Central is entitled to recover attorney's fees from A.N.P. (Doc. No. 4.)

In our prior Memorandum and Order, we held that Ortiz's state law negligence claims against A.N.P. were separate and independent from A.N.P.'s claims arising under ERISA against Union Central. We severed Ortiz's claims against A.N.P. from A.N.P's claims against Union Central and remanded the former to state court. Union Central has now moved for summary judgment on A.N.P.'s claims against it and its request for a declaratory judgment. The motion has been briefed and is ripe for disposition.

## II.    SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and possess an independent obligation to examine the basis of jurisdiction. *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). A court must dismiss an action if it determines "at any time" that it lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking."). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). Challenges to subject matter jurisdiction can be raised at any time or even *sua sponte* by the court. *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996).

The Declaratory Judgment Act provides that:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). In order to bring a claim for a declaratory judgment, an actual controversy must exist. The Supreme Court has articulated the test for an actual controversy as "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (noting lack of clarity in its jurisprudence regarding the "actual controversy" requirement of the Declaratory Judgment Act but reaffirming the validity of the *Maryland Casualty* test).

Here Union Central seeks, among other things, a declaration that it has complied with all of its obligations to A.N.P. and Ortiz with respect to Ortiz's accident and this action. With respect to its obligations to A.N.P., it is clear that this area is the subject of an actual controversy between A.N.P. and Union Central. A.N.P. filed a Third-Party Petition against Union Central seeking to recover certain amounts under the Policy that it claimed was owed by Union Central. Union Central contests the interpretation of the Policy's coverage and A.N.P.'s right of recovery under the Policy. Thus, Union Central and A.N.P. have adverse legal interests and the claims between them are sufficiently immediate and real to render this issue an "actual controversy." *See AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 Fed. Appx. 316, 319 (5th Cir. 2006) (whether an insurance policy provides coverage presents a live controversy for purposes of declaratory judgment action); *American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (same).

With respect to Union Central's obligations to Ortiz, however, we do not believe an actual controversy exists. On one hand, Union Central and Ortiz would have adverse legal interests should Ortiz wish to bring a claim against Union Central for the recovery of benefits she believes to be payable under the Policy. Crucially, however, Ortiz has not done so. In fact, Ortiz has indicated that she does not wish to raise those claims. Ortiz previously moved for severance and remand of her claims against A.N.P. from A.N.P.'s claims against Union Central, which the Court granted. In her filings, Ortiz noted that she had not "assert[ed] any cause of action against Union Central." (Doc. No. 7 at 15.) Union Central itself acknowledged that "Ortiz chose not to sue Union Central when she filed this action against Defendants, and she declined following its joinder to assert any claims against it." (Doc. No. 10 at 4.) Ortiz's entitlement to benefits under the Policy, and Union Central's obligation to provide her with those benefits, is not a controversy that appears imminent. Moreover, we do not know what claims Ortiz may bring against Union Central or the factual basis for those claims. For example, Union Central argues that Ortiz is not entitled to any medical expenses under the Policy for cosmetic surgery. Union Central does not know whether Ortiz obtained cosmetic surgery within twelve months after the accident, a time limitation imposed by the Policy. Yet Union Central asks that we declare that such expenses are excluded by the Policy *if* the surgery occurred on or after August 25, 2010. The need to assume a hypothetical set of facts demonstrates that there is no actual controversy here. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (per curiam) (citations omitted) ("For a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.").

In *Rowan Cos. v. Griffin*, 876 F.2d 26 (5th Cir. 1989), the Fifth Circuit held that an employer could proceed with declaratory judgment action to declare its obligation to continue

6

further maintenance and cure payments to an employee. Prior to the suit, the employee had received maintenance, advance, and cure payments from his employer as a result of a workplace injury. The employer sought a judicial declaration of its obligation to provide no further maintenance and cure payments in light of a medical report indicating that the employee had fully recovered. The court held that the declaration judgment action could proceed because "all of the acts necessary for resolution of the merits of the claim—Griffin's injury and the course of his subsequent medical recovery—occurred prior to the filing of [the employer's] complaint." *Id.* at 28. *Rowan* can be distinguished from the present case on two grounds. First, Ortiz is not a party to the present suit, as we would expect if there was a controversy between Union Central and Ortiz. Second, we do not have all the facts relevant to resolution of Union Central's obligations to Ortiz, such as whether Ortiz incurred medical expenses covered by the Policy. Without an "actual controversy" regarding Union Central's obligations to Ortiz, we do not have the ability under the Declaratory Judgment Act to declare Union Central's rights and obligations vis-à-vis Ortiz. We must dismiss Union Central's request for a declaratory judgment that it has complied with all of its obligations to Ortiz with respect to her accident and this action.

## III.    SUMMARY JUDGMENT LEGAL STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could

enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id*. Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## IV. ANALYSIS

Union Central has moved for summary judgment on its request for declaratory judgment and on A.N.P.'s claims. A.N.P. responds by stating that it does not have a basis for opposing any of the issues presented for summary judgment, with the exception that it does not believe an award of attorney's fees should be granted. Notwithstanding A.N.P.'s lack of opposition, we review Union Central's motion to determine whether Union Central is entitled to summary judgment as a matter of law.

### A. Is the Policy Governed by ERISA?

ERISA defines an "employee welfare benefit plan" as:

any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident or disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship, or prepaid legal services . . . .

29 U.S.C. § 1002(1). To determine whether an employee welfare benefit plan exists, a court must ask whether a plan: "(1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). If the answer to any part of this inquiry is in the negative, there is no ERISA plan. *Id.*

As to the first prong, it is clear that a plan exists. A plan may be discerned by inquiring whether "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995). The Policy documents here provide for weekly disability, accidental death and dismemberment, and medical expense benefits. The Policy defines which employees would be eligible for benefits and the procedures for submission of a claim. Under the Policy, A.N.P. is required to contribute 100% of the cost of insurance for insured employees. As to the second prong, the Policy does not fall within the Department of Labor's safe-harbor provision because A.N.P. is required to pay 100% of the insurance premiums. *See id.* (citing 29 C.F.R. § 2510.3-1(j)) (a plan subject to the safe-harbor provision must, among other things, involve no contributions by the employer). Finally, the Policy was established and is maintained by A.N.P. to benefit its employees. A.N.P. applied for and obtained occupational accident insurance, for which it continues to pay premiums. The insurance is intended to benefit its employees, as evidenced by the Policy's provision of benefits to employees who suffer covered accidents on the job. A.N.P. has not contested the facts proffered by Union Central.

We conclude that the Policy is an "employee welfare benefit plan" governed by ERISA and grant summary judgment to Union Central's request for a declaratory judgment on this issue.

### B. Are A.N.P.'s Claims Preempted by ERISA?

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). To determine whether ERISA preempts a state law claim, we apply a two-prong test: "(1) The state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004).

Applying the test to the facts here, ERISA preempts A.N.P.'s claims against Union Central. First, the cause of action arises over A.N.P.'s right to receive benefits under the Policy. A.N.P. seeks "contractual contribution/indemnity for any amounts that may be recoverable or payable from the occupational accident insurance policy . . . ." (Doc. No. 1-1 at 16.) This type of claim relates to the employee welfare benefit plan. *See Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992) (employee's state law breach of contract claim preempted by ERISA); *Aguirre v. Badgett*, 2001 WL 694489, *2 (W.D. Tex. Feb. 7, 2001) (claim by employer against issuer and manager of insurance policy for breach of contract relates to ERISA plan). Second, this cause of action directly affects the relationship between A.N.P., the employer, and Union Central, the plan administrator. If successful in its claim, A.N.P. will obtain a judgment requiring Union Central to contribute to damages assessed against A.N.P. or to indemnify A.N.P. in the underlying negligence suit. *See Aguirre*, 2001 WL 694489 at *2 (claim for breach of contract brought by employer against issuer and manager of insurance policy involves relationship

10

between "traditional ERISA entities"). A.N.P. has not submitted and we can discern no genuine issues of material fact that would alter our conclusion.

Thus, we hold that A.N.P.'s contribution and indemnity claims against Union Central are preempted by ERISA. We grant summary judgment to Union Central on A.N.P.'s claim for contribution/indemnity and on Union Central's request for a declaration that A.N.P.'s claim arises under and is preempted by ERISA.

### C.  Scope of Insurance Coverage and Benefits Owed Under Policy

Union Central seeks summary judgment on its request for a declaration regarding the scope of insurance coverage provided by the Policy and that it owes no further benefits to either A.N.P. or to Ortiz. As we discuss above, we lack subject matter jurisdiction over Union Central's request for a declaratory judgment regarding its obligations to Ortiz. However, we may address and declare Union Central's rights and obligations vis-à-vis A.N.P.

First, Union Central argues that the Policy does not require Union Central to insure casualty or general liability risks, does not require Union Central to indemnify or protect A.N.P. from any damages, and does not provide A.N.P. with any protection or defense against Ortiz's claims. "Eligibility for benefits under any ERISA plan is governed . . . by the plain meaning of the plan language." *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). In its complaint, A.N.P. characterizes the Policy as insuring against the *claims* brought by Ortiz against A.N.P., as opposed to the *injuries* she sustained. The Policy does no such thing. In the application for the Policy, A.N.P. acknowledged that the Policy was an employee benefit, rather than casualty or general liability insurance for the employer. In addition, A.N.P. acknowledged that the Policy would not provide it with any protection or defense against suit that might be brought by an employee for any reason. A.N.P. acknowledged that the Policy did not indemnify

11

or protect A.N.P. from any losses or damages from employees on account of an employee's accidental injury or death. Finally, the Policy clearly specified that it was not workers' compensation insurance. This language clearly outlines the terms of the insurance contract to exclude from insurance coverage, either in the form of benefits, defense or indemnity, any claims brought by employees against A.N.P., such as Ortiz's negligence claim against A.N.P.

Second, Union Central argues that A.N.P. is not due any amounts under the Policy. As the Court construes A.N.P.'s complaint, A.N.P. seeks from Union Central: (1) amounts recoverable or payable from the Policy for Ortiz's lost wages or medical expenses; (2) amounts recoverable or payable from the Policy for Ortiz's personal injury damages that are the subject of Ortiz's negligence claims against A.N.P. Section § 1132(a)(1)(B) provides an ERISA employee welfare benefit plan "participant or beneficiary"[1] with a cause of action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). A civil action under § 1132 may be brought only by a participant, a beneficiary, a fiduciary, or the Secretary of Labor, and in the case of § 1132(a)(1)(B), is further limited to participants and beneficiaries. *Jamail, Inc. v. Carpenters Dist. Council of Houston Pension & Welfare Trusts*, 954 F.2d 299, 302 (5th Cir. 1992). The Fifth Circuit, noting that employers are "conspicuously absent from the list of those entitled to bring a civil action," has held that employers do not have a right of action under § 1132.[2] *Id.* at 302; *see also Duke Energy Int'l, L.L.C. v. Napoli*, 2009 U.S. Dist. LEXIS

---

[1] The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. 29 USCS § 1002(7). A "beneficiary" is a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. *Id.* § 1002(8).

[2] Though rejecting the possibility that employers may have direct standing, the Fifth Circuit has recognized that derivative standing, which "permits suits[,] in the context of ERISA-governed employee welfare benefit plans, to be brought by certain non-enumerated parties." *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891 (5th

23239, *5 (S.D. Tex. Mar. 24, 2009). It is undisputed that A.N.P. is the employer of eligible plan participants. As such, A.N.P. has no right to bring an action under ERISA to recover amounts due under the Policy to Ortiz for lost wages or medical expenses, regardless of whether Union Central actually owes these amounts. Further, A.N.P. has no basis to recover from Union Central any personal injury damages that are the subject of Ortiz's negligence claims because Union Central did not insure A.N.P. against these claims.

Therefore, we conclude that the Policy does not insure any casualty or general liability risks, does not require Union Central to indemnify or protect A.N.P. from losses or damages, and does not provide A.N.P. with any protection or defense against Ortiz's claims in this action. We also conclude that Union Central does not owe A.N.P. any amounts recoverable or payable under the Policy to Ortiz because A.N.P. does not possess standing to pursue these claims on behalf of Ortiz. We grant summary judgment to Union Central on these issues.

### D. Attorney's Fees

Union Central moves for summary judgment on its request for attorney's fees. Under 29 U.S.C. § 1132(g)(1), a court has discretion to award attorney's fees to either party. In *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149 (2010), the Supreme Court outlined the approach a court should take when determining a discretionary ERISA fee award. A claimant need only demonstrate that it obtained "some success on the merits" to be eligible for attorney's fees under § 1132(g)(1). *Id.* at 2158. After a claimant has satisfied this requirement, a court "may consider," but is not required to consider, the following five factors: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys'

---

Cir. 2003). An assignee of a plan participant has derivative standing to bring a cause of action for enforcement under ERISA. *Hermann Hospital v. MEBA Medical & Ben. Plan*, 845 F.2d 1286, 1289 (5th Cir. 1988). Here, however, there is no evidence that Ortiz assigned her benefits to A.N.P. such that A.N.P. would have derivative standing to sue under § 1132 on her behalf.

fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' position. *Id.* at 2158, 2158 n.8; *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). Subsequent to the *Hardt* decision, several Courts of Appeal and district courts have held that these five factors should continue to be applied by a court when exercising its discretion to award attorneys' fees to an eligible party. *See Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010); *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. Cal. 2010); *Kujanek v. Houston Poly Bag I, LTD.*, 716 F. Supp. 2d 670, 685 (S.D. Tex. 2010); *Holler v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 128496, *10 (S.D. Ohio Nov. 22, 2010); *Nat'l Sec. Sys. v. Iola*, 2010 U.S. Dist. LEXIS 101749, *23 (D.N.J. Sept. 24, 2010); *see also Gastronomical Workers Union Local 610 v. Dorado Beach Hotel Corp.*, 617 F.3d 54, 66 (1st Cir. 2010) (vacating denial of attorney's fees, remanding for consideration in light of *Hardt*, and noting that *Hardt* "did not necessarily prohibit consideration of the five factors").

Union Central meets the threshold requirement that it obtain "some success on the merits" of its case in order to be eligible for attorneys' fees. It has obtained summary judgment against A.N.P.'s claims and summary judgment on its requests for a declaratory judgment against Union Central.

We move on to the five factors outlined in *Bowen*. As to the first factor, A.N.P. is not a culpable party, in the sense that it has not engaged in wrongdoing. A.N.P. may be accused of bad faith in filing a Third-Party Petition against Union Central, and then failing to make any

14

arguments against Union Central's motion for summary judgment, but this could also be characterized as recognition by A.N.P. of the futility of such argument. We do not find that the first factor weighs in favor of an award of attorneys' fees. As to the second factor, there is no indication that A.N.P. is unable to support an award of attorneys' fees. *See Young v. Wal-Mart Stores, Inc.*, 293 Fed. Appx. 356, 364 (5th Cir. 2008). The third factor does not assist Union Central because, as A.N.P. did not act wrongfully, an award would not deter improper conduct by A.N.P. or others. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 497 F.3d 426, 432 (5th Cir. 2007). Union Central does not benefit from the application of the fourth factor since its presence in the suit benefitted itself rather than all participants and beneficiaries of the Policy. *See Schexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 472 (5th Cir. 2010). In addition, no significant legal questions regarding ERISA were litigated here. Finally, the last factor weighs in favor of Union Central. There was no merit to A.N.P.'s position and Union Central was granted summary judgment on all parties' claims. Thus, the first, third, and fourth factors weigh against an award of attorneys' fees, while the second and fifth factors weigh in favor of an award. We do not believe that this situation warrants an award of attorneys' fees and so we exercise our discretion to deny the request.

**V.     CONCLUSION**

The Third-Party Defendant Union Central's Motion for Summary Judgment (Doc. No. 18) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Court **GRANTS** summary judgment to Union Central on A.N.P.'s claims against Union Central;

2. The Court **GRANTS** summary judgment to Union Central on its request for a declaratory judgment as follows:

15

   a. The Policy is a part of an employee benefit plan governed by ERISA;

   b. All of A.N.P.'s claims in this action arise under and are preempted by ERISA;

   c. The Policy does not insure against any casualty or general liability risks, does not require Union Central to indemnify or protect A.N.P. from any losses or damages, whether with respect to Ortiz's accident, this action, or otherwise, and does not provide A.N.P. with any protection or defense against Ortiz's claims in this action; and

   d. Union Central has complied with all of its obligations to A.N.P. with respect to Ortiz's accident and this action; and

3. The Court **DENIES** summary judgment to Union Central on its request for a declaratory judgment that it has complied with all of its obligations to Ortiz with respect to Ortiz's accident and this action, and hereby **DISMISSES** the same; and

4. The Court **DENIES** summary judgment to Union Central on its request for a declaratory judgment that it is entitled to attorneys' fees under 29 U.S.C. § 1132(g)(1).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 7th day of March, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE